# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:08-cr-360-HLA-MCR

COREY LAMONT ALBERTIE

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Corey Lamont Albertie is a 45-year-old inmate incarcerated at Jesup FCI, serving a 235-month term of imprisonment for possession of a firearm by an armed career criminal, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). (Doc. 71, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on July 14, 2025. Defendant seeks compassionate release because of the Covid-19 pandemic and his health

conditions. (Doc. 130, Motion for Compassionate Release). He also argues that his sentence violates the Due Process Clause because his conviction is contrary to the Supreme Court's decision in Rehaif v. United States, where the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). The United States has responded in opposition. (Doc. 132, Response).[1] Although he was not granted leave to do so, Defendant filed a reply brief. (Doc. 133, Reply).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a reduction is appropriate). The statute says:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements

---

[1] The Court assumes, for the sake of discussion, that Defendant satisfied § 3582(c)(1)(A)'s exhaustion requirement. Although the United States argues that Defendant failed to exhaust his administrative remedies insofar as he seeks a sentence reduction based on Covid-19 and his health conditions, it appears that Defendant did raise this issue in a request he submitted to the warden on August 9, 2020. (Doc. 130-1 at ECF pp. 6–8). Thus, the Court will address each of Defendant's grounds for a reduction on the merits.

issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The policy statement applicable to motions under § 3582(c)(1)(A) is U.S.S.G. § 1B1.13. According to the policy statement, a district court can reduce a defendant's term of imprisonment if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the court finds that:

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The policy statement's application notes define what circumstances qualify as "extraordinary and compelling reasons" for a sentence reduction. Id., cmt. 1. Those circumstances are (A) a serious medical condition affecting the defendant, (B) the age of the defendant, (C) certain family circumstances, and (D) "Other Reasons," other than or in combination with those described in (A) through (C), "[a]s determined by the Director of the Bureau of Prisons." Id. The Eleventh Circuit Court of Appeals has clarified that § 1B1.13 "is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, No. 19–14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (published). Accordingly, when a defendant moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a district court can grant relief only if the defendant satisfies the criteria set forth in § 1B1.13, including one of the definitions of "extraordinary and compelling reasons" set forth in Application Note 1.

First, Defendant seeks a reduction in sentence because of the Covid-19 pandemic and because he claims to have a history of tuberculosis, gastro-esophageal reflux disease (GERD), and an irregular heartbeat. According to the Centers for Disease Control (CDC), certain underlying conditions can

increase the risk of severe illness from Covid-19[2], which the CDC has categorized depending on the strength of the evidence supporting an association between that condition and severe illness.[3] The CDC does not identify any of Defendant's conditions as ones that increase the risk of severe illness from Covid-19. The CDC advises that some chronic lung diseases can make one more likely to get severely ill from Covid-19, but a mere history of tuberculosis is not among them. The medical records reflect that Defendant had a bout of tuberculosis in 2004 (Doc. 132-3, Medical Records at 19), but there is no indication that he suffers from damaged lung tissue or diminished lung function as a result. In addition, the CDC advises that heart conditions like heart failure, coronary artery disease, cardiomyopathy, and hypertension can increase the risk of severe illness from Covid-19. However, the CDC does not recognize an irregular heartbeat as a condition that affects the risk of severe illness. Likewise, the CDC says nothing about GERD as it relates to Covid-19. Thus, neither the Covid-19 pandemic nor Defendant's conditions, alone or in combination, qualify as extraordinary and compelling reasons for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).[4]

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[3] https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.
[4] The Court adds that according to the BOP's latest data, 102 staff members and 675 of Jesup FCI's 1,345 inmates (or 50.1% of the inmate population) have been fully vaccinated

Next, Defendant contends that the purported illegality of his conviction under § 922(g)(1) is an extraordinary and compelling reason to reduce his sentence. Defendant argues that the Indictment failed to allege, and the government failed to establish, "the 924(a)(2) element" of the offense (Doc. 130 at 2–3), i.e., that he knowingly violated the felon-in-possession statute. See 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." (emphasis added)). As a result, Defendant claims he lacked "fair notice of [his] prohibited status" under § 922(g), that the Indictment contained a jurisdictional defect, and that he is actually innocent of the offense, all based on the Supreme Court's decision in Rehaif. (See Doc. 130 at 3, 5).

Defendant further contends that "28 U.S.C. 2255 is inadequate" to grant him the relief he seeks. (Doc. 130 at 3).[5] He argues that under the Second

---

against Covid-19. https://www.bop.gov/coronavirus/. Last accessed May 6, 2021. The facility reports that only one inmate and zero staff members are currently positive for coronavirus.

[5]     In 2020, Defendant filed an unsuccessful application with the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion based on Rehaif. (See Doc. 129, USCA Order Denying Application). Defendant argued in his application, much like he does in the instant Motion, that (1) the Indictment failed to allege an offense against the United States because it did not allege each material element of the charged crime (specifically, that he knew of his prohibited status), and (2) he is actually innocent because the Indictment failed to allege an offense against the United States. (See id. at 3). The Eleventh Circuit denied the application, explaining that "Rehaif did not announce a new rule of constitutional law, and the Supreme Court did not make its holding retroactive to cases on collateral review." (Id. at 3–4 (citing 28 U.S.C. § 2255(h)(2); Rehaif, 139 S. Ct. at 2200; In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019))). Having failed to obtain authorization to bring a second or successive

Circuit Court of Appeals' decision in United States v. Brooker, et al., 976 F.3d 228 (2d Cir. 2020) (also sometimes called "United States v. Zullo,"), the Court is free to consider any circumstance as an extraordinary and compelling reason for a sentence reduction. Thus, although the alleged illegality of Defendant's conviction is not listed as an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13, cmt. 1, he argues the Court can consider this ground because the policy statement is not binding.

The Eleventh Circuit Court of Appeals recently rejected this very argument in Bryant. In that case, the defendant moved for compassionate release based on the First Step Act's modification of 18 U.S.C. § 924(c)(1)(C)'s sentence "stacking" provision, the length of his sentence compared to that of his codefendants, and his rehabilitation. Bryant, 2021 WL 1827158, at *4. Although none of these reasons, alone or in combination, met the Sentencing Commission's definition of "extraordinary and compelling reasons" in § 1B1.13, cmt. 1., Bryant argued that the district court was free to reduce his sentence because Application Note 1(D) empowers district courts to identify "other reasons" that qualify as "extraordinary and compelling." Alternatively, Bryant argued that after the First Step Act of 2018, § 1B1.13 was not binding on district courts because it was not "applicable" to defendant-initiated motions.

---

§ 2255 motion based on Rehaif, Defendant now attempts an end-run around the provisions of § 2255 and the Eleventh Circuit's decision by raising the Rehaif claim in his motion under 18 U.S.C. § 3582(c)(1)(A).

7

The Eleventh Circuit Court of Appeals rejected these arguments for several statutory textual and contextual reasons. Id. at *5–15. The court explained that § 1B1.13 is still an "applicable" policy statement for all motions under 18 U.S.C. § 3582(c)(1)(A) because first, § 1B1.13's operative provisions are relevant and perfectly capable of being applied to defendant-filed motions, id. at *6–7, and second, § 1B1.13 is the policy statement that implements the relevant statute, i.e., 18 U.S.C. § 3582(c)(1)(A), id. at *8. As for Application Note 1(D), the court explained that this provision authorizes the BOP Director, but not district courts, to identify "other reasons" that qualify as extraordinary and compelling. Id. at *14. The court reasoned that authorizing the BOP Director to act as the gatekeeper of the "other reasons" category did not conflict with the First Step Act. Id. at *14–15. "In short," the court concluded, "1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Id. at *2.

Following Bryant, Defendant's second ground for a reduction in sentence must be rejected. The alleged illegality of a defendant's conviction and sentence is not among the "extraordinary and compelling reasons" listed in U.S.S.G. § 1B1.13, cmt. 1. It has nothing to do with a serious medical condition affecting Defendant, old age, or family circumstances, nor has the BOP Director suggested that Rehaif is an extraordinary and compelling circumstance.

8

Defendant's challenge to the legality of his sentence should be brought under 28 U.S.C. § 2255. With narrow exceptions that do not apply here, "a motion to vacate [under 28 U.S.C. § 2255] is the exclusive mechanism for a federal prisoner to seek collateral relief." McCarthan v. Dir. of Goodwill Indus.– Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) (emphasis added). That Rehaif was not available during the pendency of Defendant's direct appeal or first § 2255 motion, or that Defendant was unable to collaterally attack his conviction after the Supreme Court decided Rehaif, does not mean Defendant can use a motion for compassionate release as a substitute for § 2255. Cf. McCarthan, 851 F.3d at 1086 (explaining that the remedy by § 2255 motion is not inadequate or ineffective to test the legality of the defendant's detention simply because then-binding circuit precedent or a procedural bar would have precluded relief).[6] Accordingly, Rehaif does not

---

[6] In any event, applying Rehaif to Defendant's case does not mean his conviction for possession of a firearm by a convicted felon is unlawful. Defendant first contends that his Indictment was jurisdictionally defective because it did not allege "the 924(a)(2) element" of the offense, by which Defendant means that the Indictment did not allege that he knew of his prohibited status as a felon. But in United States v. Brown, the Eleventh Circuit Court of Appeals held that an indictment's failure to allege a mens rea element was not a jurisdictional defect. 752 F.3d 1344, 1353–54 (11th Cir. 2014).

Second, Defendant contends that Rehaif means he is actually innocent and that he was wrongfully convicted because he did not know of his prohibited status as a convicted felon. But the Eleventh Circuit Court of Appeals rejected this argument when it denied his application to file a second or successive § 2255 motion. (Doc. 129 at 4 n.1). The court noted that Defendant had served a six-year and nine-month prison sentence for attempted first-degree murder and a two-year sentence for the possession/sale/delivery of cocaine. (Id. (citing United States v. McLellan, 958 F.3d 1110, 1119 (11th Cir. 2020), and United States v. Reed, 941 F.3d 1018 (11th Cir. 2019))). Thus, Defendant's claim that he did not know he was a convicted felon is implausible.

9

qualify as an "extraordinary and compelling" reason to reduce Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.

Finally, and in any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. Despite being a convicted felon, Defendant was found by police to be in possession of a firearm, oxycodone pills, and hydrocodone pills. PSR at ¶¶ 4–8. Prior to this offense, Defendant had been convicted of aggravated assault, attempted first-degree murder, the possession/sale/delivery of cocaine, grand theft, as well as lewd and lascivious battery and lewd and lascivious molestation of a child under the age of 16. Id. at ¶ 8. Defendant fails to demonstrate any acceptance of responsibility for the offense. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 130) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of May, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

10